IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

REGINALD L. PHILLIPS,

    Plaintiff,

v.

(1) JUSTIN JONES, Director of the
Oklahoma Department of Corrections,
(2) MIKE MULLIN, Warden at Jess Dunn
Correctional Center,
(3) JIM RABON, Sentence Administrator
for Oklahoma Department of Corrections,
(4) CARLA RICKMAN, Dick Connor
Correctional Center Records,
(5) MARTY SIRMONS, Warden at Dick
Connor Correctional Center, and
(6) DEBBIE L. MORTON, Director's
Designee for Oklahoma Department of
Corrections,

    Defendants.

Case No. CIV-13-338-RAW

## ORDER

Plaintiff brought this 42 U.S.C. § 1983 action against six employees of the Oklahoma Department of Corrections (hereinafter "the DOC") in their individual capacities. He alleges that he was illegally detained in prison 2.9 years past the expiration of his sentence in violation of his constitutional rights. Before the court is the motion to dismiss filed by Justin Jones, Mike Mullin, Carla Rickman, Marty Sirmons and Debbie Morton [Docket No. 41].[1] Defendants argue that Plaintiff has not plausibly pled that they personally participated in a violation of his federal rights. For the reasons delineated below, the motion is granted in part and denied in part.

---

[1] The court notes that Defendant Jim Rabon has not joined in the motion to dismiss.

**FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT**

For purposes of the motion to dismiss, the court accepts as true all of the well-pleaded factual allegations in Plaintiff's Amended Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions.[2]

Plaintiff alleges that he was not given all of the credits he was due for his study to become and work as an electrician. He alleges that he put in over 10,000 hours of class and on-the-job training and that he was entitled to "2 for 1 credit for his electrical apprenticeship and licensing." Plaintiff does not state in his Amended Complaint what constitutional rights Defendants violated, but in his response to the motion to dismiss, he points to his due process rights under the Fourteenth Amendment and discusses supervisory liability.

The court recognizes that Plaintiff's allegations as to each Defendant are scant. Specifically, he claims that: (1) Carla Rickman took no steps to give him his proper credits; (2) Marty Sirmons took no steps to give him his proper credits except to refer his grievance to Justin Jones; (3) Justin Jones took no steps to give him his proper credits except to designate Debbie Morton to handle the grievance; (4) Debbie Morton denied his request and affirmed the denial; (5) Jim Rabon denied the 2 for 1 credits to Plaintiff; and (6) Mike Mullin, after receiving the denial, kept Plaintiff "beyond the date he should been released had he received his proper credits."

---

[2]"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**MOTION TO DISMISS**

To survive the motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff must nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (internal quotations omitted). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

> The Tenth Circuit has concluded:
>
> the Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. **In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests**.

Burnett v. Mortgage Elec. Registration Sys., Inc. 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)) (emphasis added).[3]

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task

---

[3] The court notes that Rule 15 also still lives. Rule 15 authorizes a plaintiff to amend with the court's leave, which the court freely gives when justice so requires. When a complaint fails to adequately notice a defendant of "what the claim is and the grounds upon which it rests" or otherwise does not meet the Twombly / Iqbal requirements, justice generally requires the court to give the plaintiff leave to amend at least once. The court has already allowed Plaintiff to amend once after the first motion to dismiss in this case.

that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 1236 (quoting Iqbal, 556 U.S. at 679). "This contextual approach means comparing the pleading with the elements of the cause(s) of action." Id. "'[W]hile Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims' animating the elements of [his] action." Id. (quoting Khalik, 671 F.3d at 1193).

**PLAINTIFF'S CLAIMS**

Although Plaintiff does not name specific constitutional provisions in his Amended Complaint, in his response to the motion to dismiss, he discusses his due process rights under the Fourteenth Amendment and supervisory liability. The court will not dismiss the case based on Plaintiff's failure to mention these specific constitutional provisions in his Amended Complaint.

**Due Process Claims**

It is a "settled principle that an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991). Plaintiff claims that Jim Rabon and Debbie Morton wrongfully denied his requests for credits. While his factual allegations are scant, as to these two Defendants, Plaintiff has given them fair notice of what his claims are and the grounds upon which they rest, thus meeting the Twombly / Iqbal requirements. See Burnett, 706 F.3d at 1235-36. The motion is therefore denied as to Debbie Morton.[4]

---

[4] The court again notes that Jim Rabon did not join in the motion to dismiss.

As to Justin Jones, Carla Rickman and Marty Sirmons, Plaintiff claims that they "took no steps" to award him his credits. He claims that Mike Mullin did not release him after receiving the denial decision. Plaintiff notes the Defendants' positions, and of course, the implication is that each of these individuals had a duty to act on his behalf and failed to do so. Again, Plaintiff has given them fair notice of his claims and the grounds upon which they rest, thus meeting the Twombly / Iqbal requirements. See Id. The motion is therefore also denied as to Justin Jones, Carla Rickman, Marty Sirmons and Mike Mullin.

### Failure to Supervise Claims

Insofar as Plaintiff intended to bring supervisory claims against any Defendant, he has failed to state a claim. The Tenth Circuit has analyzed supervisory liability post Iqbal. Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010). When a plaintiff sues an official under § 1983 for supervisory liability, "the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." Id. at 1198. Ultimately, the Tenth Circuit concluded that courts may "properly impose § 1983 liability upon individual defendants who act with the requisite degree of culpability to promulgate, create, implement, or otherwise possess responsibility for the continued operation of policies that cause the deprivation of persons' federally protected rights." Id. at 1201.

While Plaintiff is not required to provide evidence in or with his Amended Complaint, he is required to plausibly plead the elements of his case. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. Plaintiff has not met this burden. He did not plead any facts with regard to these Defendants' supervisory

conduct or state of mind.  He has not given these Defendants fair notice of any such claims or the grounds upon which they rest.  Plaintiff's Complaint does not meet the Twombly / Iqbal requirements with regard to any supervisory claims.  See Burnett, 706 F.3d at 1236.  The motion to dismiss is granted as to those claims.

**CONCLUSION**

Accordingly, the motion to dismiss [Docket No. 41] is hereby granted in part and denied in part.  It is granted as to any failure to supervise claims and denied as to the due process claims.

IT IS SO ORDERED this 24th day of January, 2014.

**Dated this 24th day of January, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma